## Mutual Reserve Fund Life Association v. Mec. H. Anderson, Adm'x.

1. INSURANCE—*Rights Under Policy Held to Have Been Forfeited.*— The court holds that it clearly appears, from the evidence in the record in this case, that the insured did not pay or cause to be paid to appellant, the amount due it on account of mortuary premiums and dues, which was, by the terms of his policy due and payable within thirty days from the first week day of the month of June, 1896; that such payment was not waived, and that by reason of such failure the policy of insurance sued on became, by its terms, null and void.

Assumpsit, on an insurance policy. Appeal from the Circuit Court of McLean County; the Hon. THOS. F. TIPTON, Judge, presiding. Heard in this court at the May term, 1897. Reversed, with finding of facts. Opinion filed September 13, 1897.

KERRICK & BRACKEN, attorneys for appellant.

FIFER & BARRY, attorneys for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

November 30, 1895, Samuel T. Anderson made an application in writing for membership and a policy of insurance in the Mutual Reserve Fund Life Association. Contained in said application, among others, was the following provision : " It is hereby agreed  *   *   *  that this agreement and the constitution and by-laws of the association, with the amendments thereto, together with this application, are hereby made part of any policy that may be issued hereon; that  *   *   *  if any condition or agreement shall not be fulfilled as required herein or by such policy, then the policy issued hereon shall be null and void and all money paid thereon shall be forfeited to said association."  *   *   *

This application was forwarded to the association at its home office in the city of New York, and under date of December 27, 1895, a certificate of membership, or policy of insurance, was issued, forwarded to the agent of the association, who had taken the application, and delivered by him to the applicant.

The following quotations from the certificate, or policy, show the parts material to the consideration of this case :

" In consideration of the answers, statements and agreements contained in the application for this policy of insurance, which are hereby made a part of this contract, and of the payment of sixteen dollars, as a first payment, to be paid on or before the delivery of this policy, and the further payment of six dollars, payable to the association within sixty days from the date of this policy, for the general expense fund of the association, the Mutual Reserve Fund Life Association does hereby receive Samuel T. Anderson, of Bloomington, county of McLean, State of Illinois, as a member of the said association, and upon the condition of the payment of seven and 28-100 dollars, on account of mortuary pre-

miums, and dues, within thirty days from the first week day of the months of April, June, August, October, December and February next ensuing, and of the payment as hereinafter provided, within thirty days from the first week day of said months in every year, during the continuance of this policy, of the subsequent mortuary premiums and dues, there shall be payable to the executors or administrators of said member, the sum of two thousand dollars, at the home office of the association, in the city of New York, within ninety days after acceptance of satisfactory evidence to the association of the death of said member, made out, as required, upon its blank forms provided therefor, subject to all the provisions, requirements and benefits stated upon the second page of this policy, which are hereby made a part of this contract."

On said second page, among others, are the following :

"III.   If any of the stipulated payments shall not be made on or before the date, as provided therefor in this contract, at the home office of the association, in the city of New York, or to a duly authorized local treasurer of the association, furnished with a receipt signed by the president, secretary or treasurer of the association, then this policy shall expire and become null and void.    All payments made thereon shall be forfeited to the association whenever this contract shall terminate."

"V.   All notices addressed to a member, or other person designated by said member, at the last postoffice address appearing on the books of the association, shall be deemed a sufficient notice, and affidavit of addressing and mailing the same according to the usual course of business of said association, shall be held to be conclusive proof of due notice to every person acquiring any interest hereunder.    And in the event of the non-receipt of a notice, it shall be, nevertheless, a condition precedent to the continuance of this policy, that a sum equal at least to the amount of the last preceding mortuary premium and dues paid, shall be paid said association, within thirty days from the first week day of the month when due, and any deficiency in said amount shall be paid upon the demand of the association.    Notice

that a mortuary premium and dues are payable to said association at the dates written on the first page of this policy in every year, is hereby given and accepted for all purposes, and any further or other notice is expressly waived."

" XII.    This contract shall be governed by and construed only according to the laws of the State of New York, the place of this contract being expressly agreed to be the home office of said association in the city of New York."  *  *  *

The following quotations from the constitution and by-laws contain the material portions thereof for the proper construction of this contract, in view of the evidence in this record.

### ARTICLE X.

" Sec. 3.    An assessment notice or other notice addressed to a member, or other person designated by him, at his postoffice address, as it appears upon the books of the association, shall be deemed a sufficient notice; and affidavit, or proof of addressing and mailing the same according to the usual course of business of said association, shall be taken and admitted as evidence, and shall be, constitute, and be deemed and held to be conclusive proof of due notice to said member and every person accepting or acquiring any interest thereunder."

### ARTICLE XI.

" Sec. 5.    On the first week day of the months of February, April, June, August, October and December of each year (or at such other dates as the board of directors may, from time to time, determine), an assessment shall be made upon the entire membership in force, at the date of the last death of the audited death claim prior thereto, for such a sum as the executive committee may deem sufficient to meet the existing claims by death, the same to be apportioned among the members, according to the age of each member."

" A member failing to receive a notice of an assessment, on the first week day of February, April, June, August, October and December, for his share of the losses occurring during the time specified, it shall be his duty to notify the home office in writing of such fact."

" Sec. 6.   If, at any time, any person secures membership in this association by concealing any fact, or if the statements in his application for membership are, in any respect, untrue; or if any of the conditions or provisions upon which the certificate of membership is issued are violated, or if any of the conditions of the certificate of membership or of the constitution or by-laws are violated by the member, then, and in every such case, such membership shall at once cease and determine, and the certificate shall be null and void, and all payments made thereon forfeited to the association."

By the terms of the contract, the first payment required to be made thereunder, after the issuance and delivery of the policy, was the sum of $6, payable to the association within sixty days from the date of the policy, for the general expense fund of the association.   This payment became due and payable, therefore, on or before February 25, 1896. It was not paid on or before that date.

Under date of March 30, 1896, the amount of this past due payment was forwarded to the association, together with a written application for reinstatement of the policy and certificate of health, signed by S. T. Anderson.   This application for reinstatement and certificate of health was approved by the association under date of April 4, 1896, and the policy reinstated.

The next payment upon the policy, under the terms of the contract, was the sum of $7.82, on account of mortuary premiums and dues, and which was due and payable within thirty days from the first week day of the month of April, 1896.   This payment was forwarded to appellant, under date of April 28, 1896, and received by it.

The next payment on this policy, in accordance with the terms of the contract, was the sum of $7.82, on account of mortuary premiums and dues, due and payable within thirty days from the first week day of the month of June, 1896.   Notice that such payment was due at the time stated was specifically given S. T. Anderson, by appellant, and a further and additional notice thereof was also given him on May 29, 1896.   This payment not being made on or

before the date when due, a delinquent notice, calling attention to the lapse of the policy, and stating the terms upon which the same could be reinstated, was mailed to Anderson on July 17, 1896, and he made no reply thereto; a second delinquent notice to the same effect was mailed to him on August 5, 1896, and he took no notice thereof. Anderson died August 10, 1896.

On August 20, 1896, Messrs. Fifer & Barry, attorneys for appellee, wrote appellant, as follows:

" We are the attorneys for Mrs. Mec. H. Anderson, whose deceased husband held policies Nos. 200,516 and No. 200,-517, in your company. His death occurred on the 10th day of August, 1896. We understand that the policies were in force, and we would like for you to send blank proofs of death.

Very truly yours,

(Signed)                Fifer & Barry."

This letter was received by the defendant association on August 25, 1896, and on the same day a letter was written to Messrs. Fifer & Barry in reply, reading as follows:

" Your favor of the 20th inst. is at hand. We herewith enclose proof blanks, which we do at your request, without prejudice to, or waiver of, any of the rights of the association in the premises. We would further state that policies Nos. 200,516–17, issued to Samuel T. Anderson, for $3,000 and $2,000, lapsed for the non-payment of mortuary call No. 86, due and payable on or before June 1, 1896. If, however, you persist in making claim under said policies, the association will require the performance of all the conditions precedent as provided in the contract.

" Yours very truly,

"(Signed)            George W. Harper,
" Vice-Chairman Death Claim Department."

On August 27, 1896, this suit was commenced. The declaration avers, without any qualification, that Anderson paid all premiums, dues and other charges for which he was liable under his contract. Appellant filed thereto a plea of general issue, and a number of pleas setting up that Ander-

son had not paid the mortuary premiums and dues which, under his contract, he was required to pay on or before July 1, 1896. All those pleas, but the general issue, were demurred to on the ground that they amounted to the general issue, and the demurrer was sustained on that ground.

There was a trial by jury and a verdict for appellee for $2,000. Motions for new trial and in arrest of judgment were made by appellant, and overruled by the court, and thereupon a judgment was entered on the verdict and for costs against appellant, and it brings the case to this (Appellate) Court by appeal.

As we view it, we will not be compelled to comment upon and decide the numerous alleged errors that the appellant insists intervened in the proceedings in the court below in the trial of this case, but will confine our opinion to such substantial errors committed by the trial court as compel us to reverse its judgment.

The declaration in this case averred that the policy of insurance sued on was issued December 27, 1895, that Samuel T. Anderson died August 10, 1896, and that from the date of the policy to his death he remained a member of appellant association in good standing, and complied with all the laws and requirements of appellant, and paid all premiums and dues, and other charges for which he was liable upon his said contract with appellant, and that upon the death of said Samuel T. Anderson, appellant became liable to pay to the executors or administrators of said Samuel T. Anderson, the said sum of $2,000; that appellee was, on August 18, 1896, appointed by the Probate Court of McLean County, Illinois, administratrix of the estate of said Samuel T. Anderson, and that appellant has denied its liability on said policy, and has wholly neglected and refused to pay the same.

The plea of general issue, by appellant, to said declaration put in issue the material facts averred therein.

After a careful reading of all the evidence contained in this record, and fully considering the same, we are compelled to conclude that it clearly appears therefrom that

said Samuel T. Anderson did not pay or cause to be paid to appellant the $7.82 due it on account of mortuary premiums and dues, which was, by the terms of his policy due and payable within thirty days from the first week day of the month of June, 1896, by reason whereof, the policy of insurance, became by its terms null and void.

It is true that an attempt was made by appellee, on the trial in the court below, to prove that appellant had waived the payment of this $7.82 when due, by the terms of the policy sued on; and she contends that as forfeitures of contracts are not favored in law, that from the proofs in this record, she ought to recover the $2,000 in question. We are, however, fully satisfied that no such facts appear in this record that would warrant a court of justice in holding that appellant waived the payment of said $7.82 on account of mortuary premiums and dues when it became due, which was within thirty days from the first week day of the month of June, 1896, by the terms of the policy sued on. And we are further satisfied that it clearly appears from the evidence in this record that the said Samuel T. Anderson was fully aware, in his lifetime, that his said policy was lapsed and null and void, and that he intentionally refrained from paying his said " Mortuary Call No. 86," as it is known in this record, intending thereby not to keep up said policy.

It therefore follows that the court below erred, in not granting appellant's motion for a new trial, and in entering a judgment upon the verdict of the jury, which was manifestly against the evidence and the law of this case.

And inasmuch as we are of the opinion that from the facts proven in the court below, appellee can not recover in this case, we reverse the judgment of the Circuit Court of McLean County herein, and will not remand this case to that court for a new trial, but will enter a judgment in this court against appellee for costs to be paid in due course of administration.

Judgment reversed.

FINDINGS OF FACTS BY THE COURT, TO BE INCORPORATED IN
THE FINAL JUDGMENT BY THE CLERK.

The court finds that the contract, or policy of insurance,
for $2,000, issued by appellant to Samuel T. Anderson, and
dated December 27, 1895, upon the life of said Samuel T.
Anderson, for the benefit of the executors or administrators
of the estate of said Anderson being the contract sued on
in this case, became and was null and void, before the death
of said Anderson, by reason of the non-payment, to appel-
lant, of the sum of $7.82, being the mortuary premium and
dues due appellant from said Anderson within thirty days
from the first week day of the month of June, 1896, as
provided by said contract of insurance.

And we further find that the payment of said sum of
$7.82 by said Samuel T. Anderson to appellant, at the time
specified in said contract of insurance, was not waived by
appellant, and that the appellee has no cause of action
against appellant.